# Old Forge Borough's Contested Election.

*Election—Ballots—Counting votes—Appeals.*

Where on the contest of an election for borough councilman, it appears that ninety-one ballots were cast as to which there was no dispute, that forty-six thereof were for respondent and forty-five for the contestant; that in addition thereto, four ballots were cast which were admittedly void because marked with the party mark and also with a mark opposite the name of an individual for one office or another; that thirteen other ballots were cast as to which objections were made, and the court found five thereof to be defectively and eight properly marked, and that six of said eight ballots were for the contestant and two for the respondent, a decree declaring the election of the contestant was proper.

Argued March 19, 1918.  Appeal, No. 3, Jan. T., 1919,

Statement of Facts—Opinion of Court below. [261 Pa.

by Sam Taroli, from order of Quarter Sessions of Lackawanna Co., Dec. Ses., 1915, No. 124, declaring Hugh B. Garvin legally elected councilman of the Fifth Ward, in the Borough of Old Forge, in re: Contest of Election of the Office of Councilman of the Fifth Ward of the Borough of Old Forge, Lackawanna County, Pennsylvania. Before Brown, C. J., Potter, Stewart, Frazer and Walling, JJ. Affirmed.

Petition for election contest.

Exceptions to findings of fact.

Edwards, P. J., filed the following opinion:

At the election held in the Borough of Old Forge, in November, 1915, the returns from the fifth ward show that for the office of councilman of said ward Sam Taroli received fifty-three votes and Hugh B. Garvin fifty-one, thus electing Taroli by a majority of two, on the face of the returns. A contest was instituted on behalf of Garvin, and the only question raised in the petition to contest, as well as in the amended petition, related to certain informalities in the marking of the ballots for the said office.

The answer of the respondent denied the allegations of the petition, and charged that many votes were cast for Garvin which were illegal for various reasons other than irregularities in the marking of ballots. As to the defective markings of the ballot the best evidence would be the ballots themselves. The ballot box was opened by order of the court, and the vote for councilman was counted in open court in the presence of one of the judges. Because of the averments of the answer attacking the qualifications of certain voters on the ground of nonresidence, nonpayment of taxes, noncitizenship, etc., we appointed an examiner to take the testimony and to report to the court. The parties in interest appeared before the examiner. Counsel for the contestant offered in evidence the proceedings before Judge Edwards in the

recount of the votes, and rested.   The respondent's counsel examined many witnesses and much testimony is found in the record.   The final conclusion reached by the examiner is that the evidence failed in the proof of illegal votes on the grounds set forth in the answer.   We concur in the conclusion reached by the examiner.

It appears, therefore, that the only question left in this case is the recount of the vote in open court.   The recount was made on February 26, 1916.   After some preliminary proof we made the following announcement from the bench:

"The Court: The ballot box having been opened and the ballots counted and examined, it appears that ninety-one ballots are valid and counsel on neither side make any objection to the validity of the ninety-one ballots. Of these Taroli receives forty-six votes for councilman, and Garvin forty-five votes.   It also appears that there were in the box four ballots marked with a party mark and also with a mark opposite the name of an individual for one office or another, and these four ballots are declared void, leaving for further examination thirteen ballots which are objected to on one side or the other. The court orders that the ballot box be closed and sealed and delivered to the sheriff, to be retained in his custody until the further order of the court.   The thirteen ballots which are yet to be examined and about which there is a dispute on one side or the other will be sealed and placed in the custody of the clerk of the court, and a later day will be fixed for argument in regard to these ballots and the examination of them."

The thirteen ballots objected to on one side or the other are before us.   We have numbered them consecutively from one to thirteen inclusive.   The following ballots are defectively marked: Nos. 3, 5, 8, 11, 13; and cannot be counted for either candidate.   Ballots Nos. 1, 2, 4, 6, 7, 9, 12 are properly marked.   Of these eight good ballots six were cast for Garvin and two for Taroli.   The tabulation of the total vote for councilman is as follows:

Opinion of Court below—Opinion of the Court. [261 Pa.

| | |
|---|---|
| Number of ballots for councilman, .. | 108 |
| Defectively marked ballots, ........ | 9 |

Total number of good ballots, .... 99

Of which fifty-one were cast and are counted for Hugh B. Garvin and forty-eight for Sam Taroli.

We therefore declare that Hugh B. Garvin was legally elected councilman of the fifth ward in the Borough of Old Forge at the general election held November 2, 1915; and we direct that the Borough of Old Forge pay the costs of these proceedings.

The court decided that Hugh B. Garvin was legally elected councilman of the fifth ward in the Borough of Old Forge at the June election of November 2, 1915. Sam Taroli appealed.

*Error assigned* was the order of the court.

*John Memolo,* for appellant.

*A. A. Vosburg,* with him *Clarence Balentine,* for appellee.

PER CURIAM, May 6, 1918:

This appeal is dismissed on the final opinion of the learned president judge of the court below, filed February 13, 1918, the costs here to be paid by the appellant.